UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN TYRONE WILSON, #10601-039,

    Plaintiff,

v.

CASE NO. 15-13196
HONORABLE JOHN CORBETT O'MEARA

UNITED STATES OF AMERICA, *et al.,*

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION
FOR APPOINTMENT OF COUNSEL (ECF NO. 4),
DENYING THE SECOND APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND COSTS (ECF NO. 10),
AND
SUMMARILY DISMISSING PLAINTIFF'S TORT CLAIM (ECF NO. 8)
AND HIS AMENDED COMPLAINT (ECF NO. 9)**

**I. Introduction**

    This matter has come before the Court on plaintiff Kevin Tyrone Wilson's *pro se* complaint and tort claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971),[1] and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff was an inmate at the Federal Correctional Institution in

---

[1] *Bivens* "is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983." *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). "In Bivens . . . [the Supreme] Court 'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.' " *Id.* at 675 (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

Fort Dix, New Jersey when he filed his initial complaint on August 28, 2015.[2] He filed a second complaint in this case on August 31, 2015, and an amended complaint on October 5, 2015.

The pleadings and attachments allege that, in 1990, Plaintiff was convicted in this District of conspiring to distribute cocaine and cocaine base. He was sentenced to thirty years in prison. Plaintiff claims in his amended complaint that his right to due process was violated during the criminal proceedings, that he was falsely arrested and mistakenly identified, and that he was subjected to cruel and unusual punishment. He seeks millions of dollars in damages for allegedly false imprisonment.

## II. Legal Standard

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not

---

[2] Records maintained by the Federal Bureau of Prisons on its official website indicate that Plaintiff was released from custody on November 6, 2015. *See* http:www.bop.gov/inmateloc/.

need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

Plaintiff's allegations are frivolous and fail to state a claim because he is challenging his federal conviction. His claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote omitted)(emphasis in original). This holding applies to actions brought under *Bivens, Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir.1998), and under the Federal Tort Claims Act, *Erlin v. United States*, 364 F.3d 1127, 1131-33 (9th Cir. 2004); *see also Bradshaw v. Jayaraman*, 205 F.3d 1339, 1999 WL 1206870, at *2

(6th Cir. Dec. 9, 1999) (unpublished decision holding that *Heck* bars actions for money damages brought under *Bivens* or the Federal Tort Claims Act).

Plaintiff has not alleged that his conviction was reversed on direct appeal or invalidated on collateral review. In fact, the United States Court of Appeals for the Sixth Circuit affirmed Plaintiff's conviction and sentence on appeal. *See United States v. Williams*, 962 F.2d 1218 (6th Cir. 1992). More recently, the Sixth Circuit denied Plaintiff's request to recall its mandate. *See United States v. Wilson*, Nos. 91-1495/1496 (6th Cir. Aug. 12, 2015) (unpublished). The Court therefore concludes that Plaintiff's claims are not cognizable in this civil rights and tort action. His claims are barred by *Heck*.[3]

Accordingly, Plaintiff's application for appointment of counsel (ECF No. 4) is denied, and his tort claim (ECF No. 8) and amended complaint (ECF No. 9) are summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The second application to proceed without prepayment of fees and costs (ECF No. 10) is denied as unnecessary because Plaintiff was previously granted leave to proceed without prepayment of fees and costs, *see* ECF No. 5, and there is no additional fee for his amended complaint. Finally, the Court certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Date: November 16, 2015          s/John Corbett O'Meara
                                  United States District Judge

---

[3] The fact that Plaintiff is no longer incarcerated and may not have an alternative means for challenging his conviction does not prevent application of *Heck*. *See Heck*, 512 U.S. at 490 n. 10 ("We think the principle barring collateral attacks . . . is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.").

      I hereby certify that on November 16, 2015 a copy of this order was served upon Plaintiff using first-class U.S. mail.

                                          <u>s/William Barkholz</u>
                                          Case Manager